**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **No. 3:14-CR-368-B-1** |
| **vs.** | ) | |
| | ) | |
| **DONTRAYE POTTER,** | ) | |
| Defendant. | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the defendant's *Motion to Reconsider Sentence on Ground of Newly Discovered Evidence*, received on January 21, 2020 (doc. 69).  Based on the relevant findings and applicable law, the motion should be construed as a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as successive.

**I.  BACKGROUND**

After initially being charged by complaint on August 29, 2014, Dontraye Potter (Defendant) was indicted on September 24, 2014, for:  (1) conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (count one); (2) possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count two); (3) using or maintaining a drug involved premises in violation of 21 U.S.C. §§ 856(a)(2) and 2 (count three); (4) possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count four); and (5) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and 2 (count five).  (*See* docs. 1, 3.)  He pleaded guilty to count one on

---

[1]  By reference order filed February 14, 2020, docket numbers 69 and 70 were referred to the undersigned for a determination or recommendation.  (*See* doc. 71.)

February 3, 2015, and on May 21, 2015, he was sentenced to 168 months' imprisonment. (*See* docs. 20, 21, 24, 36.) His direct appeal was dismissed as frivolous. (*See* docs. 38, 55, 56.)

On February 15, 2017, Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (*See* 3:17-CV-508-B-BH, doc. 1.) On October 18, 2018, it was recommended that the motion be denied with prejudice on the merits; the recommendation was adopted, the motion was denied with prejudice, and a certificate of appealability was denied on December 10, 2018. (*See id.*, docs. 11, 16, 17.)

Defendant subsequently filed an "Affidavit: Motion to Recant Statements," purportedly signed by co-conspirator Brettney Johnson (Johnson), and received on October 22, 2019. (*See* doc. 65 at 1.) It claimed that Johnson had made untrue statements, which resulted in an innocent man being charged and convicted. (*See id.*) The filing was construed as a second or successive § 2255 motion and transferred to the Fifth Circuit. (*See* doc. 67.)

Defendant now moves for reconsideration of his sentence on the basis that he has "newly discovered evidence" consisting of Johnson's sworn affidavit in which he recants his proffer regarding the drug quantities he previously claimed Defendant purchased and distributed. (*See* doc. 69 at 3, 9.) Defendant argues that this evidence could not be offered prior to his sentencing and entry of judgment. (*See id.* at 3.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the

party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Defendant is required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Here, Defendant's motion to reconsider challenges the same conviction as his prior motions to vacate. He argues that his new evidence was not available to him until more than four years after sentencing. (*See* doc. 69 at 3.) If the facts underlying a claim occurred before the filing of the initial § 2255 motion, and therefore could have been raised in the initial motion, the movant is precluded from raising that claim in a subsequent motion, however. *Orozco-Ramirez*, 211 F.3d at 869. The facts underlying Defendant's claim occurred prior to his May 21, 2015 sentencing, so the claim regarding drug amounts could have been raised in his first § 2255 motion, which was received on February 15, 2017. His motion is therefore construed as a second or successive § 2255 motion. *See*

3

*id.* at 867 ("Orozco-Ramirez's claims of ineffective assistance of counsel at trial were available to him and could have been asserted by him in his initial *habeas* motion. . . . Accordingly, they are 'second or successive' under AEDPA[.]") (internal citation omitted and emphasis in original).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction to consider Defendant's latest § 2255 motion, and it is subject to dismissal. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III. RECOMMENDATION

The defendant's *Motion to Reconsider Sentence on Ground of Newly Discovered Evidence*, received on January 21, 2020 (doc. 69), should be **CONSTRUED** as a successive motion to vacate

under 28 U.S.C. § 2255, filed in a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Clerk of the Court should be **DIRECTED** to (1) terminate the motion filed in this case on January 21, 2020; (2) open a new habeas case for administrative purposes only; (3) file the January 21, 2020 motion in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2255 action to the United States Court of Appeals for the Fifth Circuit.

        **SIGNED this 26th day of March, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6